MEGAN T. HOPKINS, #294141
Law Office of Megan T. Hopkins
916 2nd Street, 2nd Floor
Sacramento, California 95814
Telephone: 916-220-5520
Law.Office.MTH@gmail.com

Attorney for Defendant
CARRIE WALLACE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CARRIE WALLACE,<br>Defendant. | Case No. 2:26-cr-00036-DAD<br><br>CARRIE WALLACE'S SENTENCTING MEMORANDUM; EXHIBITS A-C<br><br>Date: September 21, 2026<br>Time: 9:30 a.m.<br>Judge: Hon. Dale A. Drozd |

Carrie Wallace, by and through her counsel of record, Megan T. Hopkins, hereby submits her sentencing memorandum for the Court's consideration in determining a sentence which is sufficient, but not greater than necessary to satisfy the goals of sentencing in light of the factors set forth at 18 U.S.C. § 3553(a). Ms. Wallace respectfully requests that the Court vary downward pursuant to 18 U.S.C. § 3553(a), to impose a sentence of 60 months probation, with special conditions to include 12 months home detention, participation in mental health treatment and, specifically, cognitive behavioral therapy, and an employment or community service requirement. This memorandum is accompanied by Ms. Wallace's detailed social history report, letters from Ms. Wallace's closest friends, and a treatment plan that would benefit her on a term of probation, should the Court choose to impose such a sentence.

**SENTENCING MEMORANDUM**

Carrie has been in a painful tug-of-war with her depression, impacting her desire to live. She made an attempt on her own life in February of this year, but has worked hard since to recover her mental and emotional stability, with a specific focus on supporting her aging parents and

contributing positively in her community, as well as identifying some longer-term goals in order to motivate herself to keep pushing through the darkness. She is taking antidepressant medication and regularly seeing a mental health counselor. She has relocated to live with her parents in Fort Bragg, to cut down on the 5-hour commute she was regularly making in order to care for them. She has worked with the mitigation specialist to locate and engage with the MCC Behavioral Health Office, where she can receive either or both Inference-Based Cognitive Behavioral Therapy (I-CBT) and Trauma-Focused Cognitive Behavioral Therapy (TF-CBT), to aid her in processing her past experiences and behaviors through different lenses, beyond her self-resenting depression. She has recently found employment at a sandwich shop, and can start saving up to regain her financial independence.

Carrie has also been facing the person she became in the depths of her pain and addiction to the only thing that would relieve it, and experiencing tremendous remorse that she put her own need to escape from the pain above others who needed their medication. She is ashamed that she stole, and that she felt so controlled by her need for the painkillers that her moral compass shattered. She is proud of the version of herself she is now, working hard for others and focused on the right things. She accepts that her conduct has consequences, and that having come as far as she is still at just the beginning of her recovery.

**A Sentence of 60 Months Probation is Sufficient, but Not Greater than Necessary in Light of the § 3553(a) Factors in this Case**

Courts are instructed to impose a sentence that is sufficient, but not greater than necessary to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). To achieve this purpose, the sentencing court must consider the nature and circumstances of the offense; history and characteristics of the defendant; and the need for the sentence to provide just punishment, adequate deterrence, protection to the public from further crimes of the defendant, and correctional treatment to the defendant. *Tapia v. United States*, 564 U.S. 319, 324 (2011). In determining the sentence, the Court must first calculate the defendant's guideline range. *Gall v. United States*, 552 U.S. 38, 50 (2007). Although the guidelines are the "starting point and the initial benchmark," they are not the only consideration. *Id.* The Court must not presume the guideline range is reasonable, but must

make an individual assessment of the § 3553(a) factors based on all the facts presented. *Id.* at 51.

Here, the defense calculation of the applicable guideline range is 51-63 months[1]. The government recommends a sentence at the low end of the applicable guideline range. The defense instead recommends a 51-month downward departure to a 60-month term of probation, the first 12 months of which to be spent on home detention with treatment and employment conditions. Ms. Wallace's request for a downward variance is supported by mitigating factors including her personal history and characteristics, the nature and circumstances of the offense, the need for community-based treatment, and her family obligations and responsibilities in caring for her parents, who are advanced in age and who have come to rely on Carrie for support in their daily activities.

Mr. Wallace should be credited for her resilient decision after a (fortunately) failed attempt on her own life, to commit to her sobriety and face her addiction head-on, with a dedication to mental health treatment, in particular. Ms. Wallace's experience in clawing her way back, mentally, in order to make strides in her post-offense reintegration, is a powerful demonstration of genuine, self-led rehabilitation. There is no need to protect the public from Ms. Wallace, who is working hard to ensure the person she is today is not the same as the woman who committed this offense.

A probation term of five years is sufficiently long so as to deter others from similar criminal conduct, and Carrie herself will not present a risk of recidivism. Just punishment can be accomplished with stringent conditions, including a year of home detention, while her by an additional 24-month sentence, such that additional time is not warranted. The goal to provide restitution to the victims is best accomplished by Carrie's continued employment, and her specific treatment needs can be met through community supervision and community-based treatment providers. All of these factors support a sentence of 60 months probation with 12 months of home detention, treatment conditions and a requirement that Carrie maintain employment.

/ / /

[1] Based upon the agreement that the government will not seek to meet their burden for the application of USSG §3B1.3.

Carrie Wallace's Personal History and Characteristics, and the Need for Ongoing Mental Health Treatment Support a 60-Month Probation Sentence

Carrie has unique mental health needs, with a history of clinical depression, suicidal ideation and at least one suicide attempt in the past year. Her condition is currently very stable, and she is on a functioning regimen of antidepressants and in-person counselling sessions. Her focus on mental wellness is laser-pointed – she wants to live and to enjoy the time she still has with her parents and friends. Carrie also continued to live with chronic pain. She is no longer managing it with other people's painkillers, and so it takes a lot of focus to get to the finish line each day.

Carrie's friends describe her with glowing statements about her kindness and compassion, dedication to her loved ones, and examples of her selflessness. *See* Exhibit C. The offense in this case was a wide deviation from Carrie's usual approach to the world, and represents aberrant behavior that she will not repeat. Carrie proposes that she participate in two forms of cognitive behavioral therapy in order to better understand what took her down that path and how to avoid a mistake like that in the future, regardless of the pains or pressures in her life.

A sentence of 60 months probation gives the Probation Office the oversight authority to direct Carrie's treatment and ensure she is taking advantage of important rehabilitative programming, in addition to staying on top of her depression and maintaining emotional stability. The treatment plan attached hereto identifies resources and proposes that Carrie continue her mental health journey at MCC, which is accessible to her even when on home confinement. There is no federal women's facility that offers comparable programming at this time.

The Nature and Circumstances of the Offense Support a Downward Variance

This case is unusual, because Carrie stole only enough medication to manage her own painkiller addiction and get through each day without succumbing to her chronic pain. She did not seek to sell the medication, and there was no financial incentive. Carrie did not assume anyone's identity or commit fraud related to gaining access to medication, and limited her conduct to when necessary to manage her pain and addiction to opiates. Over a five-year period, Carrie stole approximately 32 times – once every other month, on average. Her conduct was criminal and she deeply regrets it -it does not reflect who she is - but on the scale of this offense her conduct was far

from the most egregious.

A sentence of 60-months probation takes into account that this is not a heartland theft case, and Ms. Wallace is not the heartland criminal. Just punishment and the need for treatment to promote post-offense rehabilitation are not at odds here, and can both be accomplished with the recommended sentence.

Carrie Wallace's Family Obligations and Responsibilities Support an Alternative Sentence with Home Detention, to Permit the Ongoing Care of her Parents

Carrie was driving over five hours each way to Fort Bragg to care for and support her mom in her daily activities, until last month when she moved in with her. She has moved her life to Fort Bragg in the hopes of being there for her parents in their old age, and assist them with the necessary tasks of living. As the only one of her siblings in California, their care has fallen to her.

A sentence of 60 months probation and home detention will allow Carrie to be at home with her parents and to provide them the support they need. It will also allow her to maintain her employment, which she spent considerable effort to get, to help with household expenses and increasing medical needs. Although there may be alternative care options, Carrie's parents fear they cannot afford to pay for assistance, and are hopeful that she can remain their primary source of support in the home.

## CONCLUSION

For the reasons set forth in this sentencing memorandum and those captured in the PSR, Carrie Wallace respectfully asks the Court to sentence her to 60 months of probation. Such a sentence accomplishes the goals of sentencing as set forth in 18 U.S.C. § 3553(a), while accounting for Carrie's unique circumstances, determination in pursuing post-offense rehabilitation, and need for community-based treatment and employment to support her long-term stability.

DATED: September 14, 2026

Respectfully submitted,

/s/ *Megan T. Hopkins*
MEGAN T. HOPKINS
Attorney for CARRIE WALLACE