MEGAN T. HOPKINS, #294141
Law Office of Megan T. Hopkins
916 2nd Street, 2nd Floor
Sacramento, CA 95814
Phone (916) 220-5520
Law.Office.MTH@gmail.com

Attorney for Defendant
CARRIE WALLACE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:26-CR-00036 |
| | ) | |
| Plaintiff, | ) | SUPPLEMENTAL EXHIBIT C: LETTERS OF SUPPORT FROM FRIENDS AND FAMILY |
| vs. | ) | |
| | ) | Date: September 21, 2026 |
| CARRIE WALLACE, | ) | Time: 9:30 a.m. |
| | ) | Judge: Honorable Dale. A. Drozd |
| Defendant. | ) | |

Carrie Wallace hereby respectfully submits three additional letters of support for the Court's review and consideration, which were not received until after the sentencing memorandum and attached exhibits were filed.

Respectfully submitted,

Dated: September 20, 2026

*/s/ Megan T. Hopkins*
MEGAN T. HOPKINS
Attorney for Defendant
CARRIE WALLACE

9-12-26

Honorable Dale A. Drozd

My name is Chris Johnson
I live in Fort Bragg with my
husband Roland. We have
lived in Fort Bragg since 196[illegible]
Most of our children have
moved away - to Idaho. Needless t[illegible]
say, we are thrilled to ha[illegible]
Carrie (Wallace) back in the nest.
Shes a good kid and a big
help to me. This last year
I have had some heart
problems and dizzy spells.
Carrie has been a huge help.
I worked at the Ft Bragg
Post office + retired 12 years
ago. I know what it's like. Sh[illegible]
worked long hard hours bec[illegible]
she was so fast. She had
a lot of pain. She doesn't
[illegible]

she should have handled it differently.
Thank you for your time. We love our Carrie

[redacted]
Fort Bragg Ca. 9543

[redacted]

To the Honorable Dale A. Drozd

Re: Carrie Wallace

Dear Judge Drozd:

My name is Frances Jean Marvel, and I am writing in support of Carrie Wallace ahead of her sentencing. I have known Carrie for over 24 years, and during that time I have had the opportunity to know her not simply as a friend, but as a person whose character, compassion, and capacity for growth I have witnessed over many years.

Twenty-four years is a long time to know someone. In that time, I have seen Carrie through different stages of her life, and I have come to know the person she is beyond the circumstances that have brought her before the Court. Carrie is someone who has cared deeply about the people around her and has been there for others when they needed her. The Carrie I know cannot be defined solely by the mistake that led to this case.

I understand that Carrie has accepted responsibility for her conduct, and I do not write this letter to excuse or minimize what happened. Rather, I hope the Court will consider the entirety of who Carrie is, the many years I have known her, and the person I believe she can continue to become.

One mistake, even a serious one, should not erase more than two decades of someone's life and character. People are capable of making poor decisions, accepting responsibility, learning from them, and changing. From what I have seen, Carrie has grown through this experience and has had to confront difficult truths about her choices and their consequences. I believe this experience has given her an opportunity to make meaningful changes in her life and to move forward differently.

I have also seen qualities in Carrie that I believe will serve her well as she moves forward. She has the ability to care for others, to form meaningful relationships, and to contribute positively to the people around her. Those qualities are important because, if given the opportunity to return to her community, I believe Carrie has people who will hold her accountable, support her, and encourage her to make better choices.

For these reasons, I respectfully ask the Court to consider whether Carrie would benefit more from an opportunity to return to the community under appropriate conditions rather than spending additional time incarcerated. Being home would allow her to rebuild her life, strengthen her relationships, take responsibility for the consequences of her actions, and demonstrate through her actions that she has learned from this experience.

On a personal level, I would very much like to have Carrie home. After knowing someone for more than 24 years, it is difficult to see them reduced to one chapter of their life. I want to see

Carrie have the opportunity to move forward, make better choices, and use what she has learned to become a stronger and more responsible person.

I respectfully ask that the Court consider the whole person when determining Carrie's sentence—the person I have known for more than two decades, the people who care about her, the lessons she has learned, and the positive life she still has the opportunity to build.

Thank you for taking the time to consider my letter and my perspective on Carrie.

Respectfully,

**Frances Marvel MBA, MAED**

The Honorable Dale A. Drozd
United States District Judge
Dear Judge Drozd:

My name is Christina Justice, and I am writing in support of Carrie Wallace as the Court considers her sentence. I have known Carrie since 1996, when I was still in high school and Carrie was graduating. Over the past 30 years, I have known her through many different stages of both of our lives. Because of that, I feel I can speak not just about this period in Carrie's life, but about the person I have known her to be for three decades.

Carrie has always been someone I consider dependable, generous, and caring. When my son's father died, Carrie was there for me during one of the hardest times in my life. I also watched Carrie care for her grandmother as she got older and needed help. Among our group of friends, Carrie was always willing to help. When one of us was struggling, we would come together and figure things out, and Carrie was a part of that support system.

Over the years, I have also watched Carrie experience difficult events that have taken a toll on her mentally and emotionally. I understand that Carrie is responsible for the actions that brought her before the Court. I understand that actions have consequences, and I would never ask the Court to pretend otherwise. At the same time, it is difficult to reconcile what has happened with the Carrie I have known for most of my life.

I believe addiction can change anyone. It can lead people to make choices that those who have loved and known them for years never imagined they would make. That does not take away a person's responsibility for those choices, but I also believe that accountability and a second chance can exist together.

I believe home or community confinement could give Carrie an opportunity to address the problems that contributed to her being here while still requiring her to face the consequences of her actions. It could allow her to participate in outpatient treatment, counseling, and any other services available to help her work through her addiction and the issues that brought her to this point. My hope is not simply that Carrie gets through her sentence. My hope is that when her sentence is over, she has received the help and developed the tools she needs to be a healthy and productive member of the community and never find herself in this position again.

Carrie's absence would also have a personal impact on my family. My children consider Carrie their aunt, and of course they would miss her. At the same time, they understand that there are consequences when someone makes serious mistakes. Carrie is also one of only a handful of people I consider truly close friends. After nearly 30 years of friendship, navigating life without her would be difficult. I never imagined that Carrie, or any of us who have known her for so long, would find ourselves in this situation.

I respectfully ask the Court to consider whether home or community confinement, together with treatment, counseling, supervision, and any other conditions the Court believes appropriate, could provide Carrie with both accountability and a meaningful opportunity for rehabilitation.

I believe Carrie can do something positive with a second chance. I hope she can eventually look back on this as the point in her life when she accepted the consequences of her choices, received the help she needed, and chose a different path forward.

Thank you for taking the time to read my letter and for considering my perspective as someone who has known and cared about Carrie for the past 30 years.

Respectfully,

Christina Justice

[redacted]

[redacted]